**AANO of Vaitogi (Nuuuli), Plaintiff**

**v.**

**SITAU of Vaitogi, Defendant**

No. 3-1940

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: "Ofoia" of Vaitogi]

September 9, 1940

A. A. MORROW, *Chief Justice;* LIUFAU, *District Judge;* and MALEPEAI, *District Judge.*

DECISION

Heard before the High Court at Fagatogo on August 27, 1940.

Galeai for the objector Aano; Aumavae for the proponent Sitau.

MORROW, *Chief Justice.*

The record shows that on February 23, 1940 Sitau filed an application with the Attorney General to be registered as the holder of the matai name Ofoia of Vaitogi. Aano filed an objection to such proposed registration on March 4, 1940 and became a candidate for the name himself. Hence this litigation.

At the outset it should be stated that the court in reaching its decision is bound by the law. The court does not make law. It takes the law as it finds it, ascertains the facts from the evidence and applies the law to the facts, thereby reaching its decision. If the judges were to follow their

personal likes and dislikes in deciding cases instead of reaching their decisions by the application of the law to the ascertained facts, the titles, lands and liberties of the Samoan people would be endangered.

■ Formerly the law was to the effect that the court in awarding a matai name should award it to the candidate with the best hereditary right. The 1937 Fono recommended a change in the law. Its recommendation was enacted into law by the Governor. The law governing the decision in this type of case is now found in Sec. 70 (4A) of the Codification and reads as follows:

"In the trial of Matai name cases, the High Court shall be guided by the following in the priority listed:

1. The wish of the majority of the family.

2. The forcefulness, character, personality, and leadership of the candidate.

3. The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail.

4. The value of the holder of the Matai name to the Government of American Samoa."

■ Each of the candidates in accordance with the customary procedure in this type of case filed with the Court a petition signed by those members of the family favoring his candidacy. These petitions were in evidence. There were 122 signers on the petition for Aano of whom 21 were 8 years of age or less. There were 115 signers on Sitau's petition of whom 12 were 8 years of age or less.

We have intimated in a number of matai name cases that a child of such tender years as to be incapable of having an intelligent wish as to who should be its matai could not be considered in ascertaining the wish of the majority of the family. See *Lauvai v. Siitupe*, No. 9-1938; *Sueuga v. Laisene*, No. 5-1939. We do not decide what age a child must have reached in order to have an intelligent wish as to who

should be the family matai. However, we think that a child 8 years of age, or under, is too young to have such a wish, and that his name to a petition of the kind under consideration should not be counted. Upon that basis 103 members of the family prefer Sitau and 101 prefer Aano. Each candidate objected to certain of the names on the other's petition. We think, however, that the names on both petitions were unobjectionable except insofar as they were those of children too young to have an intelligent wish as to who should be the matai.

From the foregoing it appears that a majority of the Ofoia family wish Sitau to be its matai and that he prevails over Aano on the first issue.

█ On the issue of forcefulness, character, personality, and leadership we think that Sitau prevails over Aano. Both of the candidates are splendid young men of good character and personality. The court was well impressed by both Sitau and Aano. However, we think that under the circumstances as disclosed in the evidence Sitau will be able to assume leadership of the family and look after its affairs better than Aano. Sitau has lived in Vaitogi all of his life. The name is attached to the village of Vaitogi. Aano has lived in Nuuuli for the last eight or more years while he has been a member of the Fita Fita Guard. Nuuuli is much closer to the Naval Station than Vaitogi and it has been possible for him to visit his wife and children in Nuuuli much oftener than would have been the case had he had his immediate family in Vaitogi. His headquarters during his membership in the Guard has predominantly been the Naval Station. Of necessity he has gotten out of intimate touch with the affairs of the Ofoia family at Vaitogi. He is not as familiar with family needs as is Sitau, nor does he know the members of the family as well. He couldn't because he has been away from the Ofoia family for years, only going back to Vaitogi occasionally to visit.

110

A matai who lives with his family is better able, other things being equal, to look after family affairs than one who has another job to fill and who can spend only a small part of his time with his family. A man cannot serve two masters and serve them both well.

If Aano who has to spend most of his time at the Naval Station should be given the name, he would not be able to spend the amount of time in Vaitogi that a matai of that village should spend with his family in order to look after the affairs of his family properly. Furthermore the President of the United States has declared that a national emergency exists now. It might be that the war situation will develop in such a way that Aano could not leave the Station to visit Vaitogi for a month or more at a time. Sitau is very industrious. He has splendid plantations. He cuts a large amount of copra and makes curios for sale in addition. His education is equal to that of Aano.

We are convinced in the light of all of the evidence that he will be better able to look after the affairs of the Ofoia family and to provide the leadership that the family needs than would Aano. Sitau prevails over Aano on the second issue.

Sitau is the true son of Ofoia Soli and the grandson of Afoia Amosa. He has one half Ofoia blood in his veins. Aano is the great grandson of Ofoia Leena. He has one eighth Ofoia blood in his veins. Sitau has the better hereditary right to the name than does Aano and prevails over Aano on the third issue.

The candidate who will look after the affairs of the Ofoia family—and it is a large family—the best will be the most valuable to the Government of American Samoa. It is very important that the plantations of a Samoan family be well looked after and cared for. There are times when there are food shortages in all, or parts, of American Samoa. A hurricane may de-

stroy a large part of the available food crop. The family with the best plantations will be best able to survive such a catastrophe and will be a less burden on the Government. Certainly Sitau who has some of the best kept plantations in the Vaitogi area and who lives in the village and is industrious is better qualified to see that the Ofoia family plantations are well kept than is Aano who is not primarily an agriculturist at all and who can only spend a small part of his time in Vaitogi. The Government is interested in the Ofoia family living in peace and happiness and amicably with its neighbors. Other things being equal a man who has lived with the family all of his life and who will continue to live with it is obviously better prepared to take care of the family affairs than is a man who has lived away from the family for eight or more years, whose interests are primarily in his job and not his family, and who can only visit his family a small portion of his time. It is obvious that Sitau will be more valuable as a matai to the Government of American Samoa than Aano would be. Sitau prevails over Aano on the fourth issue.

Pursuant to the Statute (Sec. 79(4A) of the Codification above quoted), Sitau will be registered as the Ofoia of Vaitogi.

Costs in the sum of $25.00 are hereby assessed against Aano, the same to be paid within 60 days.